a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHERWIN BIRKETT,<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-1425-P |
| VERSUS | JUDGE DEE D. DRELL |
| LIEUTENANT TATE, ET AL.<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a complaint filed by pro se Plaintiff Sherwin Birkett ("Birkett") (#21345077) pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>.[1] Birkett is an inmate in the custody of the Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Birkett has been granted leave to proceed *in forma papueris*. (Doc. 8). Birkett complains his constitutional rights were violated by the loss or destruction of his personal property. Birkett names as defendants Lt. Tate, C. Nall, Officer Downey, and Lauren Lacaze.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I. Background

Birkett alleges that Lt. Tate instructed officers to enter Birkett's tier for a search. Inmates were ordered to place all personal property in bags, and deposit the bags into laundry bins. (Doc. 1, p. 3). Officers Downey and Lacaze inspected the property outside of the inmates' presence. The inmates' property was returned following inspection. (Doc. 1, p. 3).

When Birkett received his property, he noticed some legal materials were missing. (Doc. 1, p. 3). Officer Downey informed Birkett that Officer Nall took all of Birkett's legal materials. (Doc. 1, p. 3). Officer Nall indicated the items would be returned immediately. (Doc. 1, p. 3). After weeks passed, Officer Nall informed Birkett that his legal materials could not be located. (Doc. 1, p. 3).

Birkett seeks monetary damages for the loss of his property and violation of his constitutional rights.

II. Law and Analysis

    A. Birkett's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Birkett is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983). Because Birkett is proceeding *in forma pauperis*, his complaint is also subject to

screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Birkett cannot state a constitutional claim for his lost property.

Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on other grounds) and Hudson v. Palmer, 468 U.S. 517 (1984), known collectively as the "Parratt/Hudson Doctrine," provide that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the state furnishes an adequate post-deprivation remedy. See Caine v. Hardy, 943 F.2d 1406, 1412 (5th Cir. 1991). Although Hudson and Parratt apply on their face to state prison officials, the Fifth Circuit has extended this holding to federal prisoners. Sun v. U.S., 49 F.3d 728 (5th Cir. 1995).

Birkett cannot show the absence of an adequate post-deprivation remedy. Along with the administrative process of the Federal Bureau of Prisons, 31 U.S.C. § 3724 allows the Attorney General of the United States to settle claims for "personal injury, death, or damage to, or loss of, privately owned property, caused by an investigative or law enforcement officer as defined in section 2680(h) of Title 28 who is employed by the Department of Justice acting within the scope of employment that may not be settled under chapter 171 of Title 28 [i.e. the Federal Tort Claims Act]." 31 U.S.C. § 3724.

Other courts have also held that 31 U.S.C. § 3724 represents an adequate post-deprivation remedy for federal prisoners complaining of deprivation of personal property. See Marulanda v. U.S. Marshals Service, 467 F. Appx 590 (9th Cir. 2012) (holding that Congress has provided an adequate post-deprivation remedy for the unauthorized acts of a federal employee, citing 31 U.S.C. § 3724(a), so Plaintiff had no claim for the destruction of his property under Hudson); Salter v. Nickerson, No. 5:12-CV-22, 2013 WL 866198, at *1 (E.D. Tex. Jan. 25, 2013), report and recommendation adopted, 2013 WL 866475 (E.D. Tex. Mar. 7, 2013); Bonneau v. Maxwell, 2012 WL 3644140 (D. Or., August 23, 2012) (31 U.S.C. § 3724 foreclosed Bivens claim for destruction of property by government officials). Therefore, to the extent that Birkett complains of the loss of his property as a due process violation, his claim is foreclosed by Parratt and Hudson.

In addition to damages for the alleged due process violation, Birkett seeks damages for the violation of his constitutional rights under the First and Eighth Amendments. However, the factual allegations provided by Birkett do not support a claim for the violation of rights under either the First or Eighth Amendments.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Birkett's complaint be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915A and 1915(e)(2)(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

4

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of January, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge